# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDREE L. BOWERS, ) | CASE NO.: 4:10CV2670 |
| ) | |
| Plaintiff, ) | JUDGE JOHN ADAMS |
| ) | |
| COMMISSIONER OF SOCIAL ) | **ORDER AND DECISION** |
| SECURITY, ) | |
| Defendant. ) | |

This matter comes before the Court on objections filed by Plaintiff Andree L. Bowers to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for a Report and Recommendation on Bowers' Appeal of the Social Security Administration's decision to deny his request for disability insurance benefits and supplemental security income. On October 7, 2011, Magistrate Judge Kathleen Burke issued her R&R recommending that the Commissioner's decision be affirmed. Bowers timely objected, and the Commissioner has not responded to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

District courts conduct *de novo* review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*

*Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

This Court would ordinarily review *de novo* those portions of the R&R that are contested through objections. The objections, however, failed to even mention the R&R, let alone demonstrate any error in it. The objections are numbered in six parts. Part one simply states a fact. Part two quotes the ALJ decision regarding Bowers' impairments. Part three quotes Bowers' own argument that he raised to the Appeals Council. Part four discusses what Bowers' believes to be the critical issue in his case – whether or not he can sedentary work. Bowers then notes that the ALJ concluded that this limitation precluded Bowers from performing any past relevant work. Part five then quotes the questioning of the vocational expert by the ALJ. Part six then quotes the ALJ again. At this point, Bowers notes "at no point did claimant allege he had a sleep disorder, rather, supra, his description was of fatigue, due to pain." Doc. 19 at 3.

This precise language and argument was raised and rejected by the Magistrate Judge. To the extent that Bowers is contending some error in this segment of the R&R, he has failed to identify or argue that error in any conceivable manner.

In short, the Magistrate Judge fully and completely addressed each of the arguments raised by Bowers. Bowers' objections do not cite to the R&R, nor even generically argue error within the R&R. As such, they are akin to no objections at all. Bowers' objections are overruled.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.

Dated: November 10, 2011         /s/ John R Adams
                                 JUDGE JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE